IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Catherine Ghidella, | ) | |
| | ) | Civil Action No.: 0:18-cv-01999-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew M. Saul, Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on July 30, 2019 (ECF No. 18). The Report addresses Plaintiff Catherine Ghidella's ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (ECF No. 18 at 1, 13.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 18.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on May 23, 2017, and denied Plaintiff's claim for DIB. (ECF No. 6-2 at 26.) Although the ALJ found that Plaintiff has "cervical and lumbar degenerative disc disease (DDD) and fibromyalgia syndrome (FMS)," the ALJ concluded that Plaintiff ultimately possessed "the residual functional capacity to perform a range of sedentary work as defined in 20 [C.F.R.] [§]

1

404.1567(a) . . . ." (*Id.* at 25, 28.) Plaintiff requested the Appeals Council ("the Council") to review the ALJ's decision and was denied that request on May 16, 2018. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on July 20, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge found that "it is unclear whether the ALJ even considered the additional opinions and support offered by Dr. Gammon." (ECF No. 18 at 8.) Specifically, the Report reasoned that the consideration of Dr. Gammon's opinions "could impact the ALJ's residual functional capacity assessment as [those] opinions that the ALJ failed to discuss are more restrictive than the limitations included in [Plaintiff's] residual functional capacity." (*Id.* at 8.) The Report further concluded that "it is unclear which aspects of [Plaintiff's medical] records the ALJ found to be inconsistent with Ghidella's subjective complaints and there is very little analysis offered by the ALJ." (*Id.* at 11 (citation omitted).) Essentially, the Report determined that the ALJ's conclusory evaluation of [Dr. Gammon's] opinion evidence as well as [Plaintiff's] subjective complaints leaves the court guessing as to whether this evidence was fully considered and as to the support for the reasons this evidence was discounted." (*Id.* at 11.) Taken together, the Report could not conclude that the ALJ's decision was based upon substantial evidence. (*See id.* at 10–13.) On these different bases, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (*Id.* at 13.)

The parties were apprised of their opportunity to file specific objections to the Report on

July 30, 2019. (ECF No. 18 at 14.) On August 13, 2019, the Commissioner notified the court that he would not object to the Magistrate Judge's Report. (ECF No. 19 at 1.) Plaintiff has not filed any objection to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not

required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. In the instant case, the court has carefully examined the findings of the Report and concludes that the ALJ's decision was not supported by substantial evidence as it relates to Plaintiff's disability. (ECF No. 18 at 5–12.) Because no specific objections were filed by either party and the court discerns no clear error on the face of the Report, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 15, 2019
Columbia, South Carolina

4